# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TWYLA TORREGANO, CLEMENT TORREGANO, JR., AND ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO: 14-293 |
| SADER POWER, LLC, SADER POWER ENTERPRISES, LLC, AND GRISWOLD POWER, LLC | SECTION: "S" (3) |

## FINAL JUDGMENT

This matter came before the Court on the 20th day of February, 2019, on the Motion of the Plaintiffs, Twyla Torregano, Clement Torregano, Jr., and John Pooler ("Plaintiffs"), in the putative class action for final approval of their class action settlement with Defendant, Griswold Power, LLC ("GP"). Having reviewed and considered all timely submissions made in connection with the proposed settlement, and having reviewed and considered the files and records herein, the Court finds and concludes as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Capitalized terms not otherwise defined herein shall have the same meaning ascribed thereto in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this lawsuit, and over all parties to this lawsuit, including all Class Members, as such term is defined in the Settlement Agreement.

3. The Court has determined that the Class Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed settlement,

constituted the best notice practicable under the circumstances, and fully complied with the requirements of due process and applicable, rules, statutes, and law.

4. The Court now finds and concludes that:

    (a)    the Class Members are so numerous that joinder of separate lawsuits on behalf of all Class Members is impracticable;

    (b)    there are questions of law and fact common to the Class;

    (c)    the claims of the Class Representatives are typical of the claims of the Class;

    (d)    the Class Representatives and Class Counsel have fairly and adequately represented and protected the interest of the Class Members at all times;

    (e)    the Solar Power Maintenance Agreements that Class Members entered into with GP are substantially similar to that signed by the Class Representatives;

    (f)    the Solar Panel Arrays installed on the Properties of the Class Representatives are substantially similar to those installed on the Properties of the Class Members; and

    (g)    a class action lawsuit is superior to other available methods for the fair and efficient adjudication of this controversy and questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members considering: (i) the interest of Class Members individually controlling the prosecution of a separate lawsuit or arbitration; (ii) the extent and nature of any other proceedings concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability

of concentrating the determination of the claims in a single forum; and (iv) the difficulties likely to be encountered in the management of a class action lawsuit.

5. The Court orders final certification of the Class consisting of:

All persons who entered into a Solar Power Maintenance Agreement with GP, and all current owners of Property in Louisiana upon which Solar Panel Arrays owned by GP are installed. The following persons are excluded:

a. any Defendant;

b. Lloyd E. Bowman and Johanna V. Bowman who own the property at 62099 Strahan Road, Amite, LA 70422, who are the only Class Members who have requested to be excluded from the settlement.

6. The Court has reviewed the objections submitted by Denise Trepagnier, 6935 Deanne Street, New Orleans, LA 70126, and Cynthia and Sydney Trepagnier, 4917 Frankford Street, New Orleans, LA 70126 (the "Trepagniers"). The Court finds that the Trepagniers are not objecting to the fairness, reasonableness, or adequacy of the settlement on behalf of the Class. Rather, this Court finds that the Trepagniers' objections are individual, based exclusively on their unsupported contention that they, not other Class Members, should receive additional monetary compensation through the settlement. The Trepagniers have not established that they should be treated differently than the Class nor have they established that the settlement should be rejected or modified in any way. Therefore, this Court hereby denies the Trepagniers' objections.

7. The Court finally approves and adopts the Settlement Agreement and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law, and that this settlement is in the best interest of the Parties and the Class Members.

8. All Class Members are bound by the settlement.

9. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

10. Ownership of the Solar Panel Arrays is hereby transferred to the Class Members who are the current owners of the Properties in accordance with the terms and conditions of the Settlement Agreement.

11. Except as to any individual claim of Lloyd E. Bowman and Johanna V. Bowman, who have validly and timely requested exclusion from the Class, the Court dismisses this lawsuit, and all claims and causes of action asserted in this lawsuit by the Class Members against GP, SP and SPE on their merits, with prejudice.  This dismissal with prejudice is without costs to any party, except as specifically provided in the Settlement Agreement.

12. The waivers and releases of the Released Claims set forth in the Settlement Agreement are hereby approved.  The Court adjudges that the Class Members shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged the Released Parties from any and all claims of any Class Member to the full extent provided in the Settlement Agreement and are hereby permanently enjoined from instituting or maintaining

any action for any Released Claim against any Released Parties.

13. Without affecting the finality of this Final Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the Final Judgment contemplated in the Settlement Agreement has become effective, and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

14. The Court awards to Class Counsel attorneys' fees, costs and expenses in the amount of ONE MILLION, FOUR HUNDRED NINETY-TWO THOUSAND, FIVE HUNDRED AND NO/100 DOLLARS ($1,492,500). GP shall pay this amount as provided in the Settlement Agreement.

15. The Court approves the incentive payments to the Class Representatives, Twyla Torregano, Clement Torregano, Jr., and John Pooler of TWO THOUSAND, FIVE HUNDRED AND NO/100 DOLLARS ($2,500.00) each. GP shall pay these sums as provided in the Settlement Agreement.

16. Neither this Final Judgment nor the Settlement Agreement is an admission or concession by GP of any fault, omission, liability, or wrongdoing. This Final Judgment is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by GP. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the

claims and defenses of GP or the Class Members.

17. Pursuant to the terms of the Settlement Agreement, the Finality Date for the effectiveness of the Settlement Agreement and this Final Judgment will occur at such time as this Final Judgment is no longer subject to appeal or judicial review.

New Orleans, Louisiana, this <u>  28th  </u> day of February, 2019.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**